JOSEPH QUINN, Adm'r of HARRY E. PEACE, v. JOHNSON FORGE CO.

*Administrator—Master and Servant—Negligence—Damages.*

In a suit for damages begun by the deceased in his lifetime and continued after his death by his administrator, the administrator is entitled to the same damages as the deceased would have received if living, and the question of death cannot be considered by the jury.

The master is bound to exercise reasonable care to prevent injury to his servant, to provide suitable machinery and keep the same in order, and to see that the premises are fit and proper for the carrying on of the business.

When a servant enters into the employ of another he assumes all the risks ordinarily incident to the business.

The measure of the master's duty is reasonable care, by the exercise of which defects in machinery would have been discovered, and varies according to the exigencies of the case.

The law does not presume negligence, it must be proved.

If a servant be ordered to work upon machinery with the management of which he is ignorant, and being no part of the work he had agreed to perform, and no warning was given to him as to the dangers incident thereto, the master will be liable to damages for personal injuries resulting therefrom.

(*New Castle, November, 1892.*)

ACTION ON THE CASE to recover damages for personal injuries to Harry E. Peace, deceased. Said injuries were caused, as alleged by the plaintiff, by the slipping from the slow to the fast gear of a crane owned by the defendant company, while Peace and another employe of the defendant were raising a heavy weight, and while in rapid motion one of the cranks struck Peace knocking him senseless and inflicting the injuries complained of. Suit was brought by Peace during his lifetime, and the same was continued by his administrator after his death.

Heard before HOUSTON and CULLEN, JJ.

*Bird and Sanborn,* for plaintiff.

*Nields and Nields,* for defendant.

*Bird* for plaintiff produced Leonard Reynolds, questioning him as follows:

" Did you have any conversation with Peace on that occasion —a week after his injuries ?   A. Yes, sir."

" Did he complain of pain or injury ?   A. Yes, sir."

" Where was he suffering ?   A. In his spine."

The witness John Russell was also questioned by Mr. Bird as to the matter of pain and anguish as follows:

" State where you found him, how you found him and what his condition was as to physical pain ?   A. I first saw him lying upon a bed in the dining-room.   When I looked at him he was in my judgment in a semi-unconscious condition.   He recognized some and others he did not.   My judgment was, from his condition, that the man would not be alive next morning."

*Nields* for defendant, objected, at the beginning of this line of examination, to any testimony or statements by the deceased as to pain and suffering, contended that the administrator could not recover for such pain, suffering or mental anguish, but was restricted to expense incurred by reason of the accident and to actual loss of time occasioned thereby—*Kearney's Administrator v. Boston & Worcester R. R.,* 63 Massachusetts.   (Opinion of Judge Shaw.)

Counsel for plaintiff contended that similar testimony was admitted in the case of *Wallace v. Wilmington & Northern R. R.*

CULLEN, J.   The Court think that the administrator has the right to prosecute this action, and that he stands on precisely the same footing as the original party.   Whatever the original party could recover, may be recovered by the administrator.

*Mr. Bird*, counsel for the plaintiff, having raised the question that the death of Peace was to be considered by the jury as part of the measure of damages for which the administrator could recover, under the statute allowing the administrator to continue a suit brought by the party during his lifetime,—after argument by counsel on both sides,

THE COURT, CULLEN, J., decided as follows:

This statute is in derogation of common law to a certain extent —that is in providing for the survival of an action which at common law dies—and the right of recovery is confined to the provisions of the statute.

The first provision of the statute (Revised Code, 644) is, "That no action hereafter brought to recover damages for injuries to the person by negligence or default, shall abate by reason of the death of the plaintiff; but the personal representative of the deceased may be substituted as plaintiff and prosecute the suit to final judgment and satisfaction." At common law a person injured has a right to bring his action for recovery for those injuries whatever they were. It was a personal action, a right of action which he had the privilege himself to exercise or not as he chose. As a matter of course, no action would lie at common law for the death of the party brought by the widow nor by the administrator. I speak so far as the death of the party is concerned with reference to both sections; but this contemplates both his death and the fact of the party, exercising the right which belongs to him at common law, bringing suit for recovery of damages for personal injuries. If he brings that action then that second section is of no account whatever, because having exercised his right, he has made his election and he must stand or fall upon that election. Neither the widow nor the personal representative has any right to bring the action for recovery for the death after the death of the party where the party has made his election prior to the death. And therefore this action having been brought by Peace during his lifetime, we

consider it nothing more nor less than an action brought for injuries incurred, against a party by reason of negligence or carelessness, whatever it may be.

Whether he is living and prosecutes it, or whether it is prosecuted by his administrator, the court consider makes no difference whatever.

As to damages which are to be recovered, the same rule applies. Of course he could not recover damages for his death. Even it you could prove that he was affected in such· a way that death would result in a very short time, that would not be admissible. No evidence so far as death is concerned can be adduced. The damages in this case that can be recovered are confined entirely to the remedies and rights which existed on the part of the plaintiff in this°action during his lifetime.

We therefore must say to you that so far as the death is concerned as an aggravation of damages or anything of that kind, that has nothing to do with this case. The damages are governed by the common law, whether they be vindictive damages or otherwise, but they are confined to whatever were the existing original rights of the parties here.

CULLEN, J., charging the jury :

*Gentlemen of the Jury :* This action was originally brought by Harry E. Peace in his lifetime, against the Johnson Forge Company, a corporation existing under the laws of this State, and under the provisions of the first section of the statute of the Revised Code, page 644, the said Harry E. Peace having since died, his administrator, Joseph Quinn, has been made a party, and the case comes to trial under the same conditions as if the deceased were living.

The plaintiff seeks to recover under the provisions of the said Act from the said defendants by reason of injuries received, as alleged, by Harry E. Peace, while in the employ of said defendants through their negligence.

The defendants were operating a rolling mill in this city, and in the conducting of their business, there was in use a crane, which served for the purpose of raising and moving heavy pieces of iron manufactured for various purposes, and also to change or alter the position of heavy iron rollers used in said mill, weighing from five to seven thousand pounds each, the removal or shifting of which rollers was made about twice a year. The plaintiff contends that on the 20th day of July, 1891, the said Harry E. Peace, who was in the employ of the said defendants as a "drag-out," and had been for the period of some months prior, was ordered to assist in the working of a crane, in order to put in place one of the said iron rollers weighing some seven thousand pounds; that while so engaged the roller having been lifted from its place, and swung to within about twelve or fifteen inches of the place where the same was to be deposited, and while so suspended for a few minutes until the roller could be so adjusted as to drop into its bearings, word was given to lower, and the said Harry E. Peace, who with another person had hold of the handles, the one on each side, was hurled upward and violently thrown to the ground, being struck by the crank or handle on the wheel which was occasioned by the slipping from the slow to the fast gear. That the said crane was not reasonably safe; that the said Harry E. Peace was not warned of the risk (of which he was ignorant) incurred in the working of the crane. That said crane was defective and dangerous in that there were no appliances by which the slipping from the slow to the fast gear could have been prevented, without which no crane is reasonably safe. That the defects in the crane were such as defendants were bound to know, and allowing the use of so dangerous a machine in their works made them guilty of negligence, such as in law rendered them liable to the payment of damages to the plain- in this suit.

The defendants contend that said crane was reasonably safe, properly constructed and no extra appliances than those used were necessary; that the said Harry E. Peace was engaged in the work

he had contracted to perform while using the crane, and the injury did not occur by reason of any defect in said crane, but was brought about and happened through the negligence and carelessness of the said Harry E. Peace, and hence they are in no way liable for the injury that occurred.

The law upon the subject of negligence has been well settled by several well adjudicated cases in our own courts; there is really no disputed question of law as raised by counsel who have so well and ably conducted this case, the whole question to be decided by you is one of negligence alone, and that you must arrive at by a consideration of the evidence which has been laid before you on the part of the plaintiff and the defendants in this suit, applying the same to the law of negligence as laid down to you by the court.

The master is bound to exercise reasonable care to prevent injury to his servant, and in like manner to provide suitable machinery and keep the same in order, and use proper care to see that the premises are not only fit and proper for the carrying on of the business, but also that they are kept so. When a servant enters into the employ of another he assumes all the risks ordinarily incident to the business. He is presumed to have contracted with reference to all the hazards and risks incident to the employment, consequently he cannot recover for injuries resulting to him therefrom. There are risks and dangers incident to most employments, in all engagements of that character the servant assumes those risks that are incident to the service, and as between himself and the master he is supposed to have contracted on those terms. If an injury is sustained by the servant in that service it is regarded as an accident, a mere casualty and the misfortune must rest on him. *Noys v. Smith*, 28 Vermont, 29; *Seymour v. Maddox*, 16 A. &. E. (Q. B.), 306.

The employer is not bound to employ the latest improvements in machinery, and is not liable for an injury which might have been avoided, if such machinery had been in use. He is only bound to see that that which he does employ is safe and suitable.

When a servant is engaged in the work which is known to him as well as the master to be dangerous, unless there be negligence on the part of the master and the absence of rashness on the part of the servant, the master is not liable in consequence of an accident to the servant while in his employ. *Georgia R. R. Co. v. McDade*, 59 Ga., 73.

The master is bound to exercise reasonable care to prevent accidents to his workmen. He is bound to furnish suitable machinery and see that it is properly protected and kept in proper repair. He is not only bound, in the first instance, to use reasonable care in the selection of machinery and appliances, but also to exercise reasonable and proper watchfulness to see that it is kept in proper condition, because however perfect it may be when bought, it is liable, from ordinary wear and tear, to get out of repair, and much care and watchfulness is due to guard against defects that may arise from use as the nature of the business, and the risks incident to it demand. *Chapman v. Erie R. R. Co.*, 55 N. Y., 579 ; 77 Ills., 309. The measure of the master's duty is reasonable care, and this necessarily has relation to the parties, the business in which they are engaged, and varies according to the exigencies which require vigilance and attention conforming in amount and degree to the circumstances under which it is to be exerted. 1 *Allen* (Mass.), 9 ; 10 *Gray* (Mass.), 274, &c. And it is not necessary, in order to entitle a servant to recover for injuries received from defective machinery, that he should show that the master had actual knowledge of such defects. It is enough if he shows that he ought to have known of them and might have known by the exercise of reasonable and proper care on his part in examining and inspecting the appliances. *Harkins v. Standard Sugar Refinery*, 122 Mass., 400.

We have thus, gentlemen, laid down the general principles of law as we consider applicable in this case, and in arriving at your decision and verdict you must apply the evidence produced before you. This case, as I have said, depends upon the simple question of negligence on the part of the defendants. The law does not

presume negligence, it is a fact that must be proven, and in this case it is narrowed down to a very narrow point. Was this crane a reasonably safe machine? The defendants were bound to provide such for the protection of the servant. Negligence is defined to be in this case a want of ordinary care in providing a crane reasonably safe to work if used by the servant with proper care. If from the evidence you believe the crane was not a reasonably safe machine, whether known or not known to the defendants, they are guilty of negligence.

If from the evidence you are satisfied that Harry E. Peace was ordered to work upon this crane relative to the management of which he was ignorant, and that it was no part of the work he had agreed to perform, and no warning was given him as to the dangers incident to such work. and by reason thereof the injuries were incurred,—then are the defendants guilty of negligence. If from the evidence you are satisfied the crane, though properly used, was not reasonably safe, whether the same was known to the defendants or not, and this injury thereby occurred, the defendants are liable in this action. If the said Harry E. Peace was ordered by one having authority, out of the line of his regular duties, to work upon this crane, of which he knew nothing, and was not apprised of the dangers incident to the working thereof, and the injuries occurred, and the evidence shall satisfy you that such was the fact, the defendants are liable, and you should by your verdict so find.

But if on the contrary you are satisfied from the evidence that this crane was a reasonably safe machine, that the said Harry E. Peace in the working thereof was acting in the discharge of the duties he had contracted to perform, and was aware of defects and dangers incident thereto, if such there were, and by his own carelessness and want of skill caused the accident, then the plaintiff has no right of action in this case and your verdict should be for the defendants. If you should believe from the evidence that the crane was reasonably safe, that the injuries occurred from no want

of care on the part of the defendants, but that the injuries grew out of the risks incident to all machinery, which the servant in his contract necessarily assumes, then it is regarded as an accident, a mere casualty, and the misfortunes must rest on the party injured.

You have in this case as admitted facts, that Harry E. Peace on the 20th day of January, 1891, with one Quinn, was working this crane, raising an iron roller weighing some seven thousand pounds and using the slow gear, that after stopping for a few minutes to fix the roller then some twelve or fifteen inches from the housings, upon starting, Peace was injured, occasioned by the slipping from the slow to the fast gear; certain it is it passed from the slow to the fast gear, hence the injury : this is the question for you to decide from the evidence, Was that movement caused from a defect in the machine, which could have been avoided by proper appliances ? Or was the slide carelessly pushed or pulled by Peace and Quinn from the slow to the fast? You have heard and will consider the testimony, and the same is conflicting. You must reconcile this evidence if you can. You should consider the opportunities and means of knowledge which the witnesses have, their relations to the case; and I will further cite you to the remarks of of the court in the case of *Stewart v. The Philadelphia, Wilmington & Baltimore R. R. Co.*, 17 Atlantic Reporter, 630.

" Now in this conflict of testimony the court can render you no aid in reaching a conclusion, except to say, that in all cases of conflict where such diversity cannot be reconciled so as to make one consistent harmonious narrative of events testified to, it ·is the province and duty of the jury to institute a legal balance, and in it weigh the moral and legal value of the proof on both sides, and where the greatest weight or influence upon your minds and reason is, there to that side to give your verdict. For after all positive certainty in cases of discrepancy can rarely be attained, but only a controlling probability that the testimony on one side is reasonably to be considered to be true rather than that of the other."

Should you decide in favor of the plaintiff, you should assess damages in such reasonable sum as you deem proper and right under the circumstances, and in fixing that amount yon should consider such damages as have been actually proved by reason of loss of wages from the 20th day of July 1891, up to March 3d, 1892, when he died, and also allow such sum as you deem adequate and proper by reason of his physical pain and mental sufferings. As regards the death of Peace as being the result of his injuries, you cannot take that into consideration in the estimation of damages, it has no connection with this case.

Should your verdict be for the defendants, you will simply find a verdict, " For the Defendant."

Verdict for the plaintiff for $2,570.